UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN MORGAN,<br><br>        Plaintiff,<br><br>    v.<br><br>HEALTHCARE COST CONTAINMENT UNITED ASSOCIATION, INC., ICAN BENEFIT GROUP LLC; and DOES 1 through 50, inclusive,<br><br>        Defendants. | No. 1:14-cv-01721-MCE-SMS<br><br>**MEMORANDUM AND ORDER** |

    Plaintiff Lynn Morgan ("Plaintiff") brought this action against Defendants Healthcare Cost Containment United Association, Inc. ("HCCUA") and ICAN Benefit Group LLC (collectively "Defendants") seeking damages for wrongful termination and non-payment of wages.  Currently before the Court is Defendants' Motion to Transfer Venue to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).  ECF No. 13.  For the reasons set forth below, Defendants' Motion is DENIED.[1]

///

///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. Local R. 230(g).

1

# BACKGROUND

In June 2008, HCCUA hired Plaintiff to serve as its President and work out of its office in Miami, Florida. Pl.'s Compl., ECF No. 1-1, ¶¶ 1, 2, 6. Plaintiff alleges that throughout her employment with Defendants, she noticed and raised objections to a number of unethical business practices. Id. ¶¶ 2-18. Nonetheless, she continued to work in Florida from June 2008 until she moved to California in December 2011. Id. ¶ 1. Plaintiff alleges that Defendants welcomed her move and "wished her well." Pl.'s Opp'n, ECF No. 14, at 2. Defendants dispute this well-wishing and contend that it was made clear to Plaintiff that she was putting her job in jeopardy by moving to California. Glassberg Decl., ECF No. 19-1, ¶ 4.

On August 31, 2012, less than one year after moving to California, Plaintiff's employment was terminated by HCCUA. Compl. ¶ 18. Defendants subsequently sued Plaintiff in Florida state court; that matter is still proceeding. In August 2014, Plaintiff brought suit in California state court with claims for wrongful termination, nonpayment of wages, failure to pay all wages due upon discharge, unfair competition, invasion of privacy, and intentional infliction of emotional distress. Compl. ¶¶ 24-29, 31-35, 37-41, 43-51, 53-58, 60-65. Defendants later removed the case to the Eastern District of California. See ECF No. 1.

Defendants now seek to transfer this case to the Southern District of Florida. Defendants argue that hearing the case in Florida would be more convenient for non-party witnesses, that a portion of the events took place in Florida, and that documents relevant to this case are stored in Florida. Def.'s Mot., ECF No. 13-1.

# STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have

been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotation marks omitted). On a motion to transfer venue, the moving party must make "a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Hope v. Otis Elevator Co., 389 F. Supp. 2d 1235, 1243 (E.D. Cal. 2005) (quoting Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986)). The Court has discretion in deciding whether such transfer is warranted based on an "individualized, case-by-case consideration of convenience and fairness." Van Dusen, 376 U.S. at 622.

Once the court determines that a case could have been brought before the proposed transferee court, it must consider a number of private and public factors relating to the interests of the parties and the judiciary. For example, the court may consider: (1) the convenience of the parties and witnesses, (2) the interests of justice, (3) the plaintiff's choice of forum, (4) the parties' contacts with the forum, (5) the relationship of the plaintiff's cause of action to the forum, (6) the difference in litigation costs between the two fora, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to evidence. See 28 U.S.C. § 1404(a); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).

## ANALYSIS

This action could have been brought in the Southern District of Florida. A venue is considered proper if all of the defendants reside in the district or the action at issue took place there. 28 U.S.C. § 1391(b). Here, all Defendants reside in Florida and some of the circumstances that led to Plaintiff's Complaint occurred in Florida. Specifically, Plaintiff was hired and worked for a number of years in Florida, and even after moving to

3

California, she communicated and worked with Defendants in Florida. Thus, this case could have been brought before the Southern District of Florida. Accordingly, the Court will now address the aforementioned private and public factors.

### A. The Convenience of Parties and Witnesses

Courts can assess the nature of hardship associated with a particular forum on parties and witnesses involved in litigating a cause of action. See Jones, 211 F.3d at 498-99. This factor is considered one of the most important when weighing a motion to transfer venue. See, e.g., Denver & Rio Grande W. Ry. Co. v. Bhd. of R.R. Trainmen, 387 U.S. 556, 560 (1967) ("[V]enue is primarily a matter of convenience of litigants and witnesses."). Here, Defendants reside in Florida and conduct the entirety of their business there. Plaintiff, on the other hand, lives in California and is of more limited income, especially since her termination. Defendants, institutional organizations, appear to be in the better position to travel to California to litigate this matter if necessary.

Yet the Court finds that the convenience of non-party witnesses leans toward transferring the matter to Florida. Plaintiff names only two witnesses that live in California—her husband and her acupuncturist; both are expected to testify about Plaintiff's emotional distress. Defendant and Plaintiff intend to call a large number of employees and affiliates of Defendants. All of these individuals live in Florida. The number of witnesses who reside in Florida clearly tips the scales in favor of transfer to the Southern District of Florida.

### B. The Interest of Justice

The interest of justice includes considerations of the right to a speedy trial, consolidation of related lawsuits, and appearing before a judge familiar with the applicable law. Allstar Mktg. Group, LLC v. Your Store Online, LLC, 666 F. Supp. 2d 1109, 1134 (C.D. Cal. 2009). Defendants contend that the Southern District of Florida is the better venue for this action because, on average, it takes roughly three months longer in this District for a matter to proceed from filing to disposition. More strikingly, it takes nearly thirty months longer in this District for a case to advance from filing to trial.

1  The need for a speedy trial is a legitimate concern; however, whether the case will
2  proceed to trial is speculative and therefore the 30-month delay holds minimal weight.
3  Thus, the Court will consider the extra time for proceedings to go from filing to
4  disposition in this District. The additional three months is not substantial enough to
5  clearly indicate a preference for transfer.
6       Defendants have a separate cause of action pending against Plaintiff in Florida
7  state court. Because the action is proceeding in state court, there does not appear a
8  high likelihood that transfer of this case to the Southern District of Florida would lead to
9  consolidation.
10      Finally, Plaintiff alleges violations of a number of California labor laws in this suit.
11 California courts are presumably more proficient in California labor laws than the
12 Southern District of Florida; notwithstanding that, as Defendants note, that District
13 recently applied California labor laws.
14      This factor weighs against transfer.
15 **C. Plaintiff's Choice of Forum**
16      There is no dispute that the Eastern District of California is Plaintiff's preferred
17 forum. But the parties disagree as to the amount of deference that should be given to
18 Plaintiff's choice of forum. Defendants state that Plaintiff's choice of forum should be
19 given little weight "if the operative facts have not occurred within the forum of original
20 selection and that forum has no particular interest in the parties or the subject matter."
21 Reply, ECF No. 19, at 3 (quoting Pacific Car & Foundry Co. v. Pence, 403 F.2d 949, 954
22 (9th Cir. 1968)). On the other hand, a plaintiff's choice of forum is generally granted
23 substantial deference, especially when a plaintiff chooses the home state of the action.
24 Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981). Here, the alleged wrongful
25 termination and failure to pay wages occurred in California. Plaintiff lived and worked in
26 Florida for a number of years, but she was a resident of California when Defendants
27 terminated her employment. California also has an interest both in Plaintiff as a citizen
28 ///

and in the correct application and enforcement of its laws. These facts lean strongly against transfer.

### D. The Parties' Contacts with the Forum

As to the parties' contacts with the forum, Defendant HCCUA has over 700 members in California. These individuals, presumably, were conducting business with Defendants while residing in California. This indicates a sufficient level of contact with California. Further, Defendants allowed Plaintiff to live and work in California for many months as the President of its organization. Clearly, Plaintiff has sufficient contact with California given her residency and employment. This factor weighs against transfer to Florida.

### E. The Relationship of Plaintiff's Cause of Action to the Forum

Plaintiff's cause of action relates to the Eastern District of California. Plaintiff alleges that Defendants violated California business laws and practices and her alleged wrongful termination occurred while she resided in California. Defendant reiterates that Plaintiff was initially employed in Florida, but Plaintiff is suing over wrongs experienced in California. This factor weighs against transfer.

### F. The Difference in Litigation Costs Between the Two Fora

Defendant highlights the possibility of Plaintiff using her Florida attorney to represent her in both cases if this matter were transferred. There is no evidence, however, that Plaintiff's current Florida attorney is versed in California law. Similarly, she would have to travel to be present in Florida for the relevant proceedings. This hardship of travel and attorney costs is similarly experienced by Defendants. Just because, as businesses, Defendants might be more able to afford the costs associated with litigation, the costs would increase for either side depending on the choice of forum. This factor, therefore, weighs neutrally in the decision of whether or not to transfer.

### G. Availability of Compulsory Process for Non-Party Witnesses

The majority of the witnesses work and reside in Florida. If some or all of these witnesses were not willing to testify, under Federal Rule of Civil Procedure 45(c), this

Court could not execute a subpoena on these witnesses because they live over 100 miles from the Eastern District of California.  Presumably, most witnesses are employees of Defendants and therefore can be compelled by their employers to fly to California for necessary proceedings.  Yet those who are not under an obligation to comply with Defendants' wishes would be less likely to make the journey across the country to testify in this matter.  Plaintiff only has two witnesses that currently reside in California:  her husband and her acupuncturist.  She anticipates both will testify about her emotional distress caused by her termination of employment.  Although she may not be able to compel her acupuncturist to appear in Florida, her husband would presumably appear on her behalf if needed.  This factor weighs in favor of transfer.

### H. Ease of Access to Evidence

Defendants argue that documents relevant to this case are stored in Florida. However, any relevant documents now stored in Florida can be easily transported physically or electronically to California.  See Panavision Int'l L.P. v. Toeppen, 141 F.3d 1316, 1323 (9th Cir. 1998) ("[The location of evidence . . . is no longer weighed heavily given the modern advances in communication.").  This factor weighs in favor of transfer, but this factor is given little weight.

### I. Evaluating All Relevant Factors

The Court must consider these relevant factors to determine which forum is more convenient.  Although three of the factors indicate that a transfer to the Southern District of Florida is appropriate, the remaining factors are either neutral or weigh in favor of denying Defendant's Motion to Transfer Venue.  Additionally, the actions that directly led to this lawsuit occurred while Plaintiff was residing and working in California.  The burden was on Defendants to show not that the Southern District of Florida is an equally convenient forum, but rather that it would be a more convenient forum for this matter. Defendants were not able to satisfy this burden.

///

///

### J.  Alternative Dispute Resolution

The parties indicate in their Joint Status Report that they "believe that referral to a judicial settlement conference or referral to VDRP would assist [them] to try and reach an early compromise resolution of this action."  ECF No. 11 ¶ L.  It furthers the interest of justice to allow the parties to reach an adequate settlement of their claims without burdening the federal courts.  The parties are involved in multiple lawsuits and referral to alternative dispute resolution may effectively resolve all pending claims.  Thus, the Court believes that staying this matter pending an effort at settlement is the most efficient course of action.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Transfer Venue (ECF No. 13) is DENIED.

On the Court's own motion, this matter is hereby STAYED and referred to the Court's Alternative Dispute Resolution Division to schedule a settlement conference before a magistrate judge.  The assigned magistrate judge will issue a scheduling order for the settlement conference, and counsel is instructed to have a principal with full settlement authority present at the conference or to be fully authorized to settle the matter on any terms.  The parties are ordered to file status reports with this Court not later than seven days after the conclusion of the settlement conference.

IT IS SO ORDERED.

Dated:  June 25, 2015

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT